FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA EGGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HEALING LODGE OF THE SEVEN NATIONS and DANIELLE STENSGAR,<br><br>    Defendants. | No. 2:24-CV-00078-SAB<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |

    Before the Court is Defendants' Motion to Dismiss, ECF No. 11. Plaintiff is represented by Andrea L. Asan and Douglas C. McDermott. Defendants are represented by Geoffrey D. Strommer and Craig A. Jacobson. The motion was considered without oral argument.

    Plaintiff brought this cause of action in Spokane County Superior Court, asserting state law claims for (1) respondeat superior; (2) violations of the Washington Law Against Discrimination, Wash. Rev. Code § 49.60; (3) Wrongful Discharge in Violation of Public Policy; (4) Breach of Contract and Specific Promises; and (5) Intentional, Reckless and Negligent Infliction of Emotional Distress; as well as federal law claims for violations of (1) Title VII, 42 U.S.C. § 20000e *et seq*; (2) Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*; and (3) Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~1**

Defendants removed the action to the Eastern District of Washington and now move to dismiss all of the claims, asserting the Court lacks subject matter jurisdiction over all claims against Defendants because they enjoy sovereign immunity that has not been waived or abrogated.

## Motion Standard

Under Rule 12(b)(1), a party may move to dismiss claims based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although sovereign immunity is only quasi-jurisdiction in nature, Rule 12(b)(1) is the proper vehicle for invoking sovereign immunity. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court need not presume the truthfulness of the plaintiff's allegations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

"In the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, the party asserting subject matter jurisdiction has the burden of proving its existence, *i.e.* that immunity does not bar the suit." *Pistor*, 791 F.3d at 1111. (quotation omitted).

## Legal Framework

Native tribes enjoy sovereign immunity, which is a "necessary corollary to Indian sovereignty and self-governance." *Three Affiliated Tribes of Fort Berthold Resv. v. Wold Eng'g*, 476 U.S. 877, 890 (1986). Suits against tribes are barred, absent congressional abrogation or a clear waiver from the tribe itself. *White v. Univ. of Calif.*, 765 f.3d 1010, 1024 (9th Cir. 2014). When a tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006).

In determining whether an entity is entitled to sovereign immunity as an

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS** ~2

"arm of the tribe" courts examine several factors including: (1) the method of creation of the economic entities; (2) their purpose; (3) their structure, ownership, and management, including the amount of control the tribe has over the entities, (4) the tribe's intent with respect to the sharing of its sovereign immunity; and (5) the financial relationship between the tribe and the entities. *White*, 765 F.3d at 1025 (quotation omitted).

A suit against a tribe's officials in their official capacities is a suit against the tribe. *Pistor*, 791 F.3d at 1110. Thus, where a tribe's officials are sued in their official capacities, sovereign immunity protections are appropriate. *Id.* On the other hand, tribal defendants sued in their individual capacities for money damages are not entitled to sovereign immunity, even though they are sued for actions taken in the course of their official duties. *Id.* at 1112.

When deciding a motion to dismiss for lack of subject matter jurisdiction, the court may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). The Court has broad discretion to permit discovery and may narrowly define the limits of such discovery. *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

### Analysis

Whether Defendant The Healing Lodge is an arm of the tribe is a factual inquiry. At this stage of the proceedings, Plaintiff has not had an opportunity to test Defendants' factual assertions. Therefore, before the Court rules on the motion, it will permit Plaintiff to engage in limited discovery focusing on the factors identified in *White* and the scope of the Healing Lodge functions related to the Indian Self-Determination and Education Assistance Act (ISDEAA).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Dismiss, ECF No. 11, is **DENIED**, with leave to renew.

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~3**

2. Plaintiff shall have **ninety days (90)** from the date of this Order to conduct limited discovery focusing on the factors identified in *White* and the scope of the Healing Lodge functions related to the ISDEAA.

3. The deadline for filing any renewed Motion to Dismiss is **January 13, 2025**. Responses and replies shall be filed according to the Local Rules.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order and provide copies to counsel.

**DATED** this 30th day of October 2024.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS ~ 4**