FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 13, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELISSA EGGERS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE HEALING LODGE OF THE SEVEN NATIONS and DANIELLE STENSGAR,<br><br>    Defendants. | No. 2:24-CV-00078-SAB<br><br>**ORDER GRANTING MOTION TO DISMISS, IN PART; REMANDING STATE LAW CLAIMS** |

Before the Court is Defendants' Renewed Motion to Dismiss Claims Against Healing Lodge and Danielle Stensgar, ECF No. 22. The motion was heard without oral argument. Defendant is represented by Craig Jacobson and Georffrey Strommer. Plaintiff is represented by Andrea Asan and Douglas McDermott.

Plaintiff, a former non-Native employee of Defendant The Healing Lodge of the Seven Nations, is suing her former employer for violations of Title VII, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and state law claims. She initially filed her Complaint in Spokane County Superior Court and Defendants removed the action to the Eastern District of Washington.

Defendants now move to dismiss, arguing the Court lacks subject matter

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~1**

jurisdiction because they enjoy sovereign immunity that has not been waived or abrogated.

## Motion Standard

Under Rule 12(b)(1), a party may move to dismiss claims based on lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although sovereign immunity is only quasi-jurisdiction in nature, Rule 12(b)(1) is the proper vehicle for invoking sovereign immunity. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

"In the context of a Rule 12(b)(1) motion to dismiss on the basis of tribal sovereign immunity, the party asserting subject matter jurisdiction has the burden of proving its existence, *i.e.* that immunity does not bar the suit." *Pistor*, 791 F.3d at 1111 (quotation omitted). Courts may consider affidavits and other evidence supporting or attacking the plaintiff's jurisdictional allegations. *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005). The court need not presume the truthfulness of the plaintiff's allegations. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

## Facts

The following facts are taken from Plaintiff's Complaint and the parties' submissions:

The Healing Lodge of the Seven Nations ("The Healing Lodge") is an inpatient treatment center in Spokane Valley. The Healing Lodge's main function is to provide 90-to-120-day inpatient care to 13- to 17-year-olds struggling with substance abuse and mental health, with typically around 70-90% of patients being Native American. Approximtely 30-35% of employees are Native American, but

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~2**

all hirings have a "tribal preference." It contracts with Indian Health Services ("IHS") under the Indian Self-Determination and Education Assistance Act ("ISDEAA") to provide services to Native communities.

The Healing Lodge is a tribal-owned non-profit, incorporated in Washington state. It was formed in 1988 as the Inland Tribal Consortium by the Confederated Tribes of the Colville Reservation, Coeur d'Alene Tribe, Kalispel Tribe of Indians, Kootenai Tribe of Idaho, Nez Perce Tribe, Spokane Tribe of Indians, and the Confederated Tribes of the Umatilla Indian Reservation. The Healing Lodge has a seven-member board of directors, including one delegate from each of the member tribes. It also receives funds from the Tribes in grants or donations, but it does not provide revenue to any Tribe. The Healing Lodge receives federal funds pursuant to ISDEAA.

Danielle Stensgar is an employee of the Healing Lodge. Stensgar is currently the Interim Executive Director and was previously the Behavioral Health Director. She has worked at the Healing Lodge in various roles for approximately 11 years.

Plaintiff Melissa Eggers began working at the Healing Lodge as an administrative assistant to Stensgar in July of 2022. In September 2022 Plaintiff was diagnosed with Lupus, allegedly partially caused by work-related stress. Plaintiff requested specific accommodations for her condition, some of which were not made. Plaintiff felt that Stensgar became hostile and harassed her. Plaintiff was given medical leave in March 2023 through June 15, 2023.

On May 3, 2023, pursuant to the employee handbook, Plaintiff submitted a grievance to the Healing Lodge based on the alleged conduct of Stensgar. Although the handbook requires a written response, Plaintiff did not receive a response. A letter was sent by the Healing Lodge on May 17, 2023, informing her that her employment was being terminated. Plaintiff was almost 65 years old when she was fired.

//

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS** ~3

I. **Tribal Sovereign Immunity**

## LEGAL FRAMEWORK

Native tribes enjoy sovereign immunity, which is a "necessary corollary to Indian sovereignty and self-governance." *Three Affiliated Tribes of Fort Berthold Resv. v. Wold Eng'g*, 476 U.S. 877, 890 (1986). Suits against tribes are barred, absent congressional abrogation or a clear waiver from the tribe itself. *White v. Univ. of Calif.*, 765 F.3d 1010, 1024 (9th Cir. 2014). Congress approved of tribal sovereign immunity when it created the ISDEAA with the goal of promoting tribal self-governance and self-sufficiency. *Okla. Tax Comm'n v. Citizen Band Potawatomi Indian Tribe*, 498 U.S. 505, 510 (1991).

Tribal immunity may apply to both on- and off-reservation activities. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S. 751, 754 (1998). There is no distinction between governmental and commercial tribal activities. *Id.* at 760. "To say substantive state laws apply to off-reservation conduct, however, is not to say that a tribe no longer enjoys immunity from suit." *Id.* at 755. "There is a difference between the right to demand compliance with state laws and the means available to enforce them." *Id.* While states have a right to govern off-reservation activities, suing is not an available remedy when a tribe properly asserts sovereign immunity. *Okla. Tax Comm'n*, 498 U.S. at 514.

When a tribe establishes an entity to conduct certain activities, the entity is immune if it functions as an arm of the tribe. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). In determining whether an entity is entitled to sovereign immunity as an "arm of the tribe" courts examine several factors including: (1) the method of creation of the economic entities; (2) their purpose; (3) their structure, ownership, and management, including the amount of control the tribe has over the entities, (4) the tribe's intent with respect to the sharing of its sovereign immunity; and (5) the financial relationship between the tribe and the

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~ 4**

entities. *White*, 765 F.3d at 1025 (quotation omitted).

### (1) Method of Creation

Generally, the method of creation factor weighs against finding an organization is an arm of a tribe when the action is against a state corporation, not a tribal corporation. *See e.g. McCoy v. Salish Kootenai Coll.*, 785 Fed. Appx. 414, 415 (9th Cir. Nov. 20, 2019). However, state incorporation does not preclude an organization from being an arm the Tribe. *Id.* Similarly, incorporation under state law is not a waiver of tribal sovereign immunity. *White*, 765 F.3d at 1025. An organization created by a resolution of Tribes weighs in favor of finding it an arm of the Tribes. *Id*.

### (2) Purpose

When an organization's purpose is to create economic advantages for a Tribe, such as a casino generating revenue, its purpose weighs in favor of immunity. *See Cook v. AVI Casino Enters.*, 548 F.3d 718, 725-26 (9th Cir. 2008). Furthermore, a purpose that furthers "tribal cultural autonomy and preservation of tribal self-determination" weigh in favor of immunity because they "are some of the central policies underlying the doctrine of tribal sovereign immunity." *White*, 765 F.3d at 1025. Some district courts have held providing healthcare services is an important purpose for tribal self-determination and self-governance. *See Cole v. Alaska Island Cmty. Servs.*, No. 1:18-CV-00011-TMB, 2019 WL 13211822, at *6 (D. Alaska Oct. 11, 2019). An organization need not provide a majority of its services to tribal members for the second factor to be met, but some preference or discount should be given. *McCoy v. Salish Kootenai Coll.*, 334 F. Supp.3d 1116, 1121 (D. Mont 2018), *aff'd*, 785 Fed. Appx. 414 (9th Cir. Nov. 20, 2019) (unpublished).

### (3) Structure and Control

Tribal ownership and management of an organization weighs in favor of finding it an arm of the tribe. *Cook*, 548 F.3d at 726. For example, Judge

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~5**

Christensen of the District of Montana decided that having a board of directors appointed by a tribe shows tribal control and structure within the organization, even if the Tribes delegate operational control to the board. *McCoy*, 334 F. Supp.3d at 1122. Tribal membership of the board members is also relevant. *White*, 765 F.3d at 1025.

### (4) Tribe's Intent to Share Immunity

Intent to share tribal immunity is often stated in the articles of incorporation. *E.g. McCoy*, 334 F. Supp.3d at 1122. Absent a clearly stated intent to extend tribal immunity, district courts have looked to tribal authorizations to perform tribal self-governance functions to decide this factor. *Manzano v. S. Indian Health Council, Inc.*, No. 20-CV-02130-BAS-BGS, 2021 WL 2826072, at *9 (S.D. Cal. July 7, 2021). Functions done by a tribal consortium under the ISDEAA may show intent to extend tribal immunity. *Id.* Statements directly from the Tribes during suit may clarify their intent. *McCoy*, 334 F. Supp.3d at 1123.

### (5) Financial Relationship

This factor weighs in favor of immunity when the organization provides financial benefits to a tribe and immunity of the organization would "directly protect the sovereign Tribe's treasury." *Cook*, 548 F.3d at 726. Some district courts hold this factor weighs in favor of immunity if the organization receives federal funds intended to assist tribes in providing healthcare, such as ISDEAA funds intended to provide healthcare services. *Manzano*, 2021 WL 2826072, at *9.

## ANALYSIS

The fact that the Healing Lodge was incorporated under state law and not tribal law weighs against immunity. The fact that it was created by a consortium of seven federally recognized Tribes, however, weighs in favor of immunity. Plaintiff's assertion that the Healing Lodge is not immune because it is subject to Washington law is incorrect. *See Kiowa*, 523 U.S. at 755 (noting the difference between being subject to state laws and being subject to suits under those laws).

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~6**

So, while this factor weighs against the Healing Lodge because it is a Washington state corporation, such weight is countered by the fact that it was formed by a consortium of Tribes.

The Healing Lodge provides a healthcare service to the Tribes, even though it does not generate revenue for any Tribe. This service is an important purpose for tribal self-determination and self-governance. Additionally, 70% to 90% of the Healing Lodge's patients are Native American, which shows a preference to serve tribal communities. This factor weighs heavily in favor of immunity.

The Tribal ownership of the Healing Lodge shown in its articles of incorporation weigh in favor of finding it an arm of the Tribe. Additionally, having a board of directors composed of Tribal delegates, who are also members of a Tribe, weighs in favor of immunity.

The Healing Lodge's articles of incorporations are silent on the Tribes' intent to extend their tribal immunity to the Healing Lodge. However, under the reasoning of *Manzano*, the creation of the Healing Lodge to perform self-determination and self-governance healthcare functions under the ISDEAA indicates an intent to extend immunity.

Finally, the Healing Lodge receives ISDEAA federal funds to perform tribal self-governance functions. As *Manzano* reasons, receiving the funds weighs in favor of sovereign immunity because those funds could be going to the Tribes, but the Tribes have authorized the Healing Lodge to receive the funds instead.

In conclusion, in balancing the *White* factors, the Court finds the Healing Lodge is an arm of the Tribes and as such is entitled to tribal sovereign immunity. As such, the claims asserted against the Healing Lodge (both federal and state claims) are dismissed with prejudice.

## II. Defendant Stensgar

A suit against tribal officials in their official capacities is a suit against the Tribe. *Pistor*, 791 F.3d at 1110. Thus, where a Tribe's officials are sued in their

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~7**

official capacities, sovereign immunity protections are available. *Id*. On the other hand, a tribal defendant sued in their individual capacities for money damages are not entitled to sovereign immunity, even though they are sued for actions taken in the course of their official duties. *Id*. at 1112.

The capacity of a tribal defendant is a "remedy-focused analysis." *Maxwell v. Cnty. of San Diego*, 708 F.3d 1075, 1088 (9th Cir. 2013). Whether one is sued in their official capacity is determined by the capacity in which they were sued, not the capacity in which the person inflicted the alleged injury. *See Hafer v. Melo*, 502 U.S. 21, 26 (1991). In *Pistor*, the Ninth Circuit explained:

> The general bar against official-capacity claims does not mean that tribal officials are immunized from individual-capacity suits arising out of actions they took in their official capacities. Rather, it means that tribal officials are immunized from suits brought against them because of their official capacities—that is, because the powers they possess in those capacities enable them to grant the plaintiffs relief on behalf of the tribe.

791 F.3d at 1112 (quotation omitted).

This comes down to whether "the tribe was the real, substantial party in interest." *Maxwell*, 708 F.3d at 1088 (quotation omitted). Tribal sovereign immunity extends to employees of the Tribe, sued as individuals, if the plaintiff brought suit against them to hold the tribe vicariously liable for the individual defendants' actions. *Cook*, 548 F.3d at 727.

## ANALYSIS

To the extent that Plaintiff is suing Defendant Stensgar in her official capacity, those claims are dismissed with prejudice because of tribal immunity.

Because Title VII, ADA, and ADEA do not provide a cause of action for damages against individuals, *see Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (Title VII)*; Walsh v. Nev. Dep't of Human Res.,* 471 F.3d 1033, 1037 (9th Cir. 2006) (ADA)*; Stilwell v. City of Williams,* 831 F.3d 1234, 1245 (9th Cir.

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS** ~8

2016) (ADEA), and because the federal claims against the Healing Lodge are dismissed because of tribal immunity, the Court declines to exercise supplemental jurisdiction over the remaining state claims being asserted against Defendant Stensgar in her individual capacity. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that if the federal claims are dismissed before trial, the state claims should be dismissed as well). As such, any remaining state claims asserted against Defendant Stensgar in her individual capacity will be remanded to Spokane County Superior Court.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' Renewed Motion to Dismiss Claims Against Healing Lodge and Danielle Stensgar, ECF No. 22, is **GRANTED**, in part. The claims asserted again the Healing Lodge of the Seven Nations are dismissed, with prejudice. The claims asserted against Danielle Stensgar in her official capacity are dismissed, with prejudice.

2. The remaining state law claims being asserted against Danielle Stensgar in her individual capacity are **remanded** to Spokane County Superior Court.

3. The Clerk of Court is directed to enter judgment in favor of Defendant The Healing Lodge for all claims and Danielle Stensgar for claims asserted against her in her official capacity and against Plaintiff.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 13th day of August 2025.

Stan Bastian
Chief United States District Judge

**ORDER GRANTING MOTION TO DISMISS; REMANDING STATE LAW CLAIMS ~ 9**